# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

TRAYON JOEY THOMAS )
a/k/a RAHARRAKTE SAHU )
ATUM-RAYAY )
 )
    Plaintiff, )
 )
v. )      CV419-127
 )
SHERIFF JOHN T. WILCHER, )
MS. LOUISA ABBOTT, )
MRS. TAMMIE MOSLEY, )
MRS. SHERRON C. DAVIS, )
MR. JOE ROESCH )
 )
    Defendants. )

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Plaintiff Trayon Joey

Thomas brings this 42 U.S.C. § 1983 action against Defendants, namely,

Sheriff John T. Wilcher, Louisa Abbott, Tammie Mosley, Sherron Davis,

and Joe Roesch. Doc. 1. After being incarcerated in Chatham County,

Thomas filed four Complaints in this district over the course of seven

months, each alleging similar claims. *See* CV419-108 filed on May 13,

2019; CV419-199, filed on August 14, 2019; CV419-309, filed on

1

November 15, 2019; and this case, CV419-127, filed on June 7, 2019.  His

other three cases have been dismissed.

District Judge Bowen dismissed case number CV419-199 on March

14, 2022, after examining the claims and determining them frivolous.  *See*

*Atum-Rayay v. Wilcher, et. al*, CV419-199, doc. 7 (S.D. Ga. Mar. 14, 2022).

Case number CV419-309 was dismissed after Thomas failed to

provide his PLRA forms or provide the Court with his address.  *See Atum-*

*Rayay v. Wilcher, et. al*, CV419-309, doc. 7 (S.D. Ga. May 18, 2021).  In

case number CV419-108, Thomas initially signed his Consent form using

his pseudonym, "Raharrakte Sahu Atum-Rayay, D/B/A/ 'EX REL' Trayon

Joey Thomas 0208-1992 [unintelligible] UCC-305, UCC-505, UCC3-305,

UCC3-408."[1]  *See Atum-Rayay v. Wilcher et. al*, CV419-108, doc. 6 (S.D.

Ga. June 10, 2019).  Even though he was then warned by the undersigned

of using his alias when filing legal papers, Thomas amended his Consent

---

[1] Thomas's pleadings cite the Uniform Commercial Code, and so-called "sovereign citizens" often file "lots of rambling, verbose" pleadings that, *inter alia*, "rely heavily on the Uniform Commercial Code." *United States v. Perkins*, 2013 WL 3820716, at *1-2 (N.D. Ga. 2013).  As that Court noted, sovereign-citizen arguments have "never succeeded in any court." *Id.* at *1 n. 4.  The United States Court of Appeals for the Seventh Circuit has advised that sovereign-citizen "theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

form reflecting the signature of "Raharrakte Sahu Atum-Rayay, D/B/A 'ex rel' Trayon Thomas 0208-1992215-1999." *See Atum-Rayay v. Wilcher et al.*, CV419-108, doc. 8 (S.D. Ga. June 19, 2019). When the undersigned recommended the case be dismissed because of Thomas's failure to sign his correct legal name, Thomas objected to the adoption of the Order, insisting that his real name was in fact reflected in the Consent form. CV419-108, doc. 10 (S.D. Ga. Sept. 23, 2019). Notwithstanding the objection, that case was dismissed as well. CV419-108, doc. 11 (S.D. Ga. Sept. 30, 2019).

The Court now proceeds to screen his remaining Complaint pursuant to 28 U.S.C. § 1915A. On June 10, 2019, the Court granted Thomas's request to pursue his case *in forma pauperis* (IFP), doc. 3, and directed him to file the necessary forms. *Id.* Thomas failed to submit his forms within the time allowed. After the Court issued a Report and Recommendation, doc. 4, that Thomas' Complaint be dismissed for failure to submit the forms, Thomas submitted his forms. As he has done previously, Thomas submitted his Consent form after signing it as "RaHarrakte Sahu Atum-Rayay NT: 100271 D/B/A 'ex rel' Trayon J. Thomas © 02081992/215-1999," even though his legal name is Trayon

Joey Thomas.  Doc. 6 at 1.  In the present Complaint, Thomas generally alleges that as a Nuwaupian National of the Nuwaupian Nation, his legal name is not applicable, and moreover, he is internationally protected and immune from federal and state taxation, and thus, presumably from incarceration.  Doc. 1 at 5-7.  He frequently references his arrest and incarceration as kidnapping and false imprisonment and believes the charges against him were fraudulent.  *Id.*

The Court notes Thomas's protestations regarding his preferred name.  *See Fawaad v. Jones*, 81 F.3d 1084, 1085 (11th Cir. 1996) (Approving a dual-name policy over prisoner's challenge, where prisoner plaintiff had legally changed name, recognizing that religious conversion validly required plaintiff to abandon given name); *see also Hakim v. Hicks*, 223 F.3d 1244, 1249 (11th Cir. 2000).  Thomas may proceed in his personal life under his alias where lawful, and should his claims proceed, the Court may consider accommodating Thomas by using his preferred name.[2]  However, unless and until Thomas *legally* changes his name, Thomas is required to sign legal papers with his legal, "committed" or

---

[2] To be clear, the Court here makes no ruling as to DOC policy and whether any prison must incorporate religious pseudonyms into prison operations pursuant to the First Amendment, as was at issue in *Fawaad* 81 F.3d 1085 and *Hakim*, 223 F.3d 1249.

given, name — Trayon Joey Thomas — not the name given to him as a member of the Nuwaupian Nation. Fed. R. Civ. P. 10 (The title of the complaint must *name* all the parties; the title of other pleadings, after *naming* the first party on each side, may refer generally to other parties (emphasis added); Fed. R. Civ. P. 11 (requiring signature of unrepresented party's *name* on every pleading, written motion, and other paper) (emphasis added).

Moreover, as in his prior filings, Thomas's Complaint contains many of the hallmarks of frivolous arguments made by proponents of the "sovereign citizen" theory, such as when he references himself as "a sovereign" and "in propria persona." Doc. 1 at 7. *See Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (affirming frivolity dismissal of sovereign citizen lawsuit filed by a "living, breathing, flesh and blood human being"); *United States v. Alexio*, 2015 WL 4069160, at *3 (D. Haw. July 2, 2015) (noting that sovereign citizens believe in a "somewhat mystical distinction between a 'person' and a 'human being'" (internal quotation marks and citation omitted)). As this Court has previously advised the plaintiff, *see* CV419-108, doc. 7 at 1-2 (S.D. Ga. June 10, 2019), such arguments are viewed as frivolous attempts to avoid statutes,

rules, and regulations that apply to all litigants, and have been unanimously rejected by the federal courts. *See also, e.g., United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (noting that courts reject sovereign citizen legal theories as "frivolous") (*citing Benabe*, 654 F.3d at 761–67 (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Roach v. Arrisi*, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars" (cite omitted)). Accordingly, as to his arguments that he is outside the jurisdiction of this Court and the penal system's reach, Thomas is—charitably—misguided. *See* doc. 1 at 5-7. "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. Theories predicated on this ideology will be "rejected summarily, however they are presented." *Benabe*, 654 F.3d at 767.

Finally, Thomas's claims in this suit are remarkably similar to those already rejected by Judge Bowen in case number CV419-199. In that case, Thomas leveled a litany of accusations against the same Defendants. Judge Bowen described Thomas's allegations as "grievances with his representation from the Chatham County Public Defender's Office and objections to how he was treated by certain clerks of the Chatham County Superior Court. *See Atum-Rayay v. Wilcher*, CV419-199, doc. 7 at 2 (S.D. Ga. Mar. 14, 2022). These appear to be Thomas's present grievances as well. *See generally* doc. 1. In fact, the Court is unable to discern any novel issues or claims which have not been disposed by Judge Bowen in his Order dismissing Thomas's other Complaint. *Compare* doc. 1 *with* CV419-199, doc. 7 (S.D. Ga. Mar. 14, 2022).

A complaint that is duplicative of a previously filed complaint is frivolous and can constitute abusive litigation. *See Pipore v. Blakely*, No. 7:18-cv-00001-HL-TQL, doc. 10 at 2 (M.D. Ga. Feb. 5, 2018) (quoting *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) (noting that "[d]uplicative or repetitive litigation is subject to dismissal," and that a complaint "that merely repeats pending or previously litigated claims may be considered abusive and dismissed")). Accordingly, since Thomas'

allegations here appear subject to the same defects as his allegations in CV419-199, his Complaint should be **DISMISSED** for the reasons explained in Judge Bowen's Order or, alternatively, as duplicative of that case.[3]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

---

[3] To the extent that Thomas contends that this Complaint asserts different claims, not subject to the defects identified by Judge Bowen, the fourteen-day objections period, discussed below, affords him one final opportunity to resuscitate his claims.

rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Meanwhile, it is time for plaintiff to pay his filing fee.  His PLRA paperwork reflects $184.33 in average monthly deposits over the six-month period prior to the date of his Prison Account Statement.  Doc. 8. He therefore owes a $36.87 initial partial filing fee.  *See*, 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula).  Furthermore, Plaintiff's custodian (or designee) shall therefore set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[4]

**SO ORDERED**, this 22nd day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately.  In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.